UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 04-4091 MJD(JGL)<br>) |
| v. | )<br>) |
| INDEPENDENT SCHOOL DISTRICT NO. 756 OF BLOOMING PRAIRIE MN, | ) COMPLAINT<br>)<br>) Jury Trial Demand |
| Defendant. | )<br>)<br>) |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age, and to provide appropriate relief to George Tashima and other similarly situated individuals ("class members"). The U.S. Equal Employment Opportunity Commission ("Commission") alleges that from June, 1998 through at least June 2000, Independent School District 756, of Blooming Prairie, Minnesota ("ISD 756"), discriminated against the class members by paying an early retirement incentive cash benefit which had been reduced because of age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

SCANNED
SEP 13 2004
U.S. DISTRICT COURT MPLS

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3.      Plaintiff, the Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, the ISD 756 has continuously been a public school district, known as the Bloomington Prairie School District operating in Blooming Prairie, Minnesota, and has continuously had at least 20 employees.

5.      At all relevant times, the ISD 756 has continuously been an employer, a political subdivision of a State, within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6.      Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practice alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.      From at least June1998 through at least June 2000, ISD 756 engaged in unlawful employment practices in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a), by entering

2

into collective bargaining agreements which provided retiring employees a cash early retirement incentive consisting of a lump sum payment calculated as follows: $10,000 at age 55; $9112 at age 56; $8223 at age 57; $7334 at age 58; $6445 at age 59; $6000 at age 60; $5500 at age 61; $5000 at age 62; $4500 at age 63; $4000 at age 64; and $0 at age 65. For example, George Tashima received a benefit reduced by $5000 because of his age, 62.

8. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant ISD 756, its appointees, employees, officers, successors, assigns, divisions, and all persons in active concert or participation with them, from engaging in employment practices that discriminate on the basis of age against individuals aged 40 and older.

B. Grant a permanent injunction enjoining Defendant ISD 756 from offering any early retirement incentive program which reduces benefits because of age.

C. Grant a judgment requiring Defendant ISD 756 to pay class members the amount of the early retirement incentive benefit to which each would have been entitled prior to the reduction based on his or her age, plus an equal sum as liquidated damages.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated _____

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        Eric S. Dreiband
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel
        1801 L Street NW
        Washington, D.C. 20507

        _____
        Jean P. Kamp
        Regional Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Milwaukee District Office
        310 West Wisconsin Ave., Suite 800
        Milwaukee, WI 53203
        (414) 297-1860